Rabin J. Pournazarian (SBN 186735)
**Price Law Group, APC**
15760 Ventura Blvd., Suite 800
Encino, California 91436
(818) 995-4540 Telephone
(818) 995-9277 Facsimile

Attorneys for Plaintiffs
Nader & Donna Mahdavi

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No: 09-12809AJ-13 |
| NADER & DONNA MAHDAVI, | Chapter 13 |
| | Adv. No: |
| Debtors | COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF OCWEN LOAN SERVICING |
| NADER & DONNA MAHDAVI, | |
| Plaintiffs, | |
| v. | |
| OCWEN LOAN SERVICING, | |
| Defendants. | |

TO THE DEFENDANTS OCWEN LOAN SERVICING:

Plaintiffs Nader and Donna Mahdavi, allege:

1. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334(a).

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) and (O).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant proceeding is related to the

-1-

case under Title 11 of the United States Code, which is before this court.

4. On August 31, 2009 (the "Filing Date"), Plaintiffs commenced a case under chapter 13 of Title 11 of the United States Code, which was assigned case number 09-12809.

5. At all times relevant, Plaintiffs were the owners and resided at that certain real property commonly known as 840 Chardonnay Circle, Petaluma, CA 94954 (the "Real Property"), more particularly described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF PETALUMA, COUNTY OF SONOMA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel One:
Lot 20, as shown upon the map entitled Sonoma Mountain, filed in the Office of the County Recorder of Sonoma County on February 28, 1994 in Book 522 of maps, at page(s) 13 through 17, Sonoma County Records.

Parcel Two:
An easement for private storm drain purposes over Lot(s) 1 through 19, as said easement and lot(s) are shown upon the map entitled Sonoma Mountain.

APN: 137-221-020-000

6. Plaintiffs are informed and believe and based on such allege that as of the Filing Date, the Real Property had a value of $295,000.00. A true and correct copy of the Appraisal of Real Property, as of September 2, 2008, prepared by Michael Dunlap, ("Appraisal") is attached hereto as Exhibit "1" and incorporated herein by this reference. Additionally, a true and correct copy of the Declaration of Michael Dunlap regarding the Appraisal and

Subject Property is attached hereto as Exhibit "2" and incorporated herein by reference.

7. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a first deed of trust in favor of MortgageIT, Securities Corp. The First Deed of Trust was recorded on March 30, 2007, with the Sonoma County Recorder's Office and is recorded as Instrument 2007036309 of Official Records. The trustee of the mortgage is HSBC Bank USA, N.A. The current servicing agent of the loan is America's Servicing Company, which had a balance of $427,814.96 as of the Filing Date. A true and correct copy of the Proof of Claim is attached hereto as Exhibit "3" and incorporated herein by this reference.

8. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a second deed of trust in favor of First Franklin, N.A. which had a balance of $104,501.15 as of the Filing Date. The Second Deed of Trust was recorded on February 10, 2005, with the Sonoma County Recorder's Office and is recorded as Instrument 2005018245 of Official Records. A true and correct copy of the Proof of Claim is attached hereto as Exhibit "4" and incorporated herein by this reference.

9. A true and correct copy of a Subordination Agreement between First Franklin, N.A. and MortgageIT attached as Exhibit "5".

10. On March 23, 2010, First Franklin, N.A. transferred their claim to LCS Financial Services Corporation. On October 22, 2014, LCS Financial Services Corporation later transferred their claim to

Ocwen Loan Servicing. The Proof of Claim shows a balance of $104,501.15 as of the date of filing. A true and correct copy of the Transfers of Claim are attached as Exhibit "6" and are incorporated herein by this reference.

I.

**FIRST CLAIM FOR RELIEF**

<u>VALUATION OF SECURITY</u>

11. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

12. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition, which commenced the underlying chapter 13 case.

13. Pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the value of the Real Property.

II.

**SECOND CLAIM FOR RELIEF**

<u>DETERMINATION OF THE EXTENT OF AMERICA'S SERVICING COMPANY'S LIEN</u>

14. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

15. Pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the nature and extent of the lien held by AMERICA'S SERVICING COMPANY on the Real Property.

III.

**THIRD CLAIM FOR RELIEF**

<u>DETERMINATION OF THE NATURE AND EXTENT OF OCWEN LOAN SERVICING'S SECOND LIEN</u>

16. Plaintiffs re-allege the allegations paragraphs 1 through 8 of the Complaint as if fully set forth here.

17. Pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the nature and extent of debtors' second lien held by Ocwen Loan Servicing on the Real Property.

## IV.

## FOURTH CLAIM FOR RELIEF

## <u>EXTINGUISHMENT OF OCWEN LOAN SERVICING'S SECOND LIEN</u>

18. Plaintiffs re-allege the allegations in paragraphs 1 through 8, 9 through 12, and 12 through 15 of the Complaint as there set forth here.

19. Plaintiffs are informed and believe and based on such allege that the claim of Ocwen Loan Servicing is completely unsecured and under applicable law may be determined to be a general unsecured claim.

20. Plaintiffs are informed and believe and based on such allege that the Court has the authority under applicable law, including 11 U.S.C. 1322(b), to confirm a chapter 13 plan which provides for Ocwen Loan Servicing as a general unsecured creditor.

21. Plaintiffs are informed and believe and based on such allege that the Court has the authority under applicable law to extinguish the lien of Ocwen Loan Servicing upon Plaintiffs' completion of payments under the plan and issuance of a discharge.

## REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Debtors request that the Court enter a judgment which:

1. Determines the value of the Real Property to be $295,000;
2. Determines that America's Servicing Company's lien is secured in an amount exceeding the value of the Real Property;
3. Determines that Ocwen Loan Servicing's claims are wholly unsecured;
4. Extinguishes Ocwen Loan Servicing's lien and permits modification of the claim under §1322(b)(2); and
5. For such other and further relief as the Court deems just and proper.

Dated: 3/16/17

PRICE LAW GROUP, APC

By: _____
Rabin J. Pournazarian
Attorney for Plaintiffs